# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGELA E. YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-373-GPM |
| | ) |
| WESTERN HERITAGE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Western Heritage Insurance Company removed this declaratory judgment action from the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, to this Court in federal diversity jurisdiction, which requires of course that the parties to a case be of diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000). Angela Young was injured in a motor vehicle accident and seeks a declaration that she is insured under an "underinsurance policy" issued by Western Heritage.

Western Heritage alleges that the amount in controversy, exclusive of interest and costs, exceeds $75,000. While the exact amount of Young's damages is not before the Court, Western Heritage's insurance policy at issue insured the owner of the vehicle in which Young was a

passenger up to $500,000.00, and the complaint seeks damages up to the policy limits. In light of the allegations of the complaint, it does not appear to "a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

Nonetheless, the Court finds that Western Heritage, which as the removing party has the burden of establishing federal jurisdiction, *see Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Cassens*, 430 F. Supp. 2d at 833, has failed properly to allege complete diversity of citizenship. The notice of removal alleges that "Plaintiff, Angela Young, is a resident of St. Clair County, Illinois." (Doc. 2, para. 4). Because federal courts have jurisdiction over citizens of different states, a removing party must allege the *citizenship* of each party, not the residence. *Held v. Held*, 137 F.3d 998 (7th Cir. 1998); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 (7th Cir. 1994). The Seventh Circuit has repeatedly warned that an allegation of residency is insufficient to invoke federal subject matter jurisdiction. *See, e.g., Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). Thus, Western Heritage must allege the *citizenship* of Angela Young.

Pursuant to 28 U.S.C. § 1653 the Court will grant Western Heritage leave to amend the defective allegations of citizenship in its notice of removal. "[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). *See also Guaranty Nat'l Title Co.*, 101 F.3d at 59 (noting that dismissal of a case due to defective allegations of federal subject matter jurisdiction is appropriate

only when "after multiple opportunities [the parties asserting federal jurisdiction] do not demonstrate that jurisdiction is present[.]").  *See also Bova v. U.S. Bank, N.A.*, Civil No. 06-453-GPM, 2006 WL 2246409, at *7 (S.D. Ill. Aug. 4, 2006) (quoting *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 844 n.2 (S.D. Ill. 2006)) ("A notice of removal may be amended more than thirty days after the time to remove has expired . . . to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice.").

Therefore, it is hereby **ORDERED** that Western Heritage **SHALL** file an amended notice of removal on or before **April 13, 2009**.  Failure to file an amended notice of removal that invokes federal jurisdiction will result in the remand of this action to St. Clair County, Illinois.

**IT IS SO ORDERED.**

DATED: 03/30/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge